IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

No. 1:03-CR-188

United States of America

v.

David Bruce Ogden
                            Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Conditional Release Supervision**

Based on proceedings in open court on January 26, 2010, the transcript of which is attached, I recommend that the "Petition for Warrant or Summons for Offender Under Conditional Release Supervision," filed September 4, 2009, be granted and defendant's conditional release be revoked.

All concerned agree with and join in this recommendation. Respective counsel each stated that there is no objection thereto. Therefore, the court may act on this report and recommendation immediately.

SIGNED this __5__ day of February, 2010.

_____
Earl S. Hines
United States Magistrate Judge

```
              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF TEXAS
                   BEAUMONT DIVISION


UNITED STATES OF AMERICA,    )    CASE NO:  1:03-CR-188
                             )
          Plaintiff,         )         CRIMINAL
                             )
     vs.                     )      Beaumont, Texas
                             )
DAVID BRUCE OGDEN,           )   Tuesday, January 26, 2010
                             )
          Defendant.         )    (2:34 p.m. to 2:40 p.m.)


     PRELIMINARY HEARING:  PETITION ON CONDITIONAL RELEASE


            BEFORE THE HONORABLE EARL S. HINES,
              UNITED STATES MAGISTRATE JUDGE




Appearances:            See Next Page

Deputy Clerk/ECRO:      Tonya Piper

Transcribed by:         Exceptional Reporting Services, Inc.
                        14493 S. Padre Island Drive
                        Suite A-400
                        Corpus Christi, TX 78418-5940
                        361 949-2988




Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

**APPEARANCES FOR:**

Plaintiff:                   DAVID H. HENDERSON, JR., ESQ.
                             Assistant United States Attorney
                             350 Magnolia
                             Suite 150
                             Beaumont, Texas 77701

Defendant:                   GARY R. BONNEAUX, ESQ.
                             Federal Defender's Office
                             350 Magnolia
                             Suite 117
                             Beaumont, Texas 77701

U.S. Probation:              Susan Budjanske

1     **Beaumont, Texas; Tuesday, January 26, 2010; 2:34 p.m.**

2                        **(Call to Order)**

3          **THE COURT:** Thank you. Please be seated.

4          David Ogden, would you come forward, please?

5     **(Pause)**

6          Who's here for the Government on that?

7          **MR. HENDERSON:** I am, your Honor.

8          **THE COURT:** Would one of you tell me why Mr. Ogden is
9     here?

10         **MR. HENDERSON:** Your Honor, we've discussed this.

11         Mr. Ogden was charged some years ago of an offense.
12    He was found not guilty by reason of insanity; was evaluated
13    dangerousness -- he'd come to be dangerous. At that time, he
14    was committed to the custody of the Attorney General, I
15    believe, for treatment.

16         After, I believe, 15 months or some period along like
17    that, Mr. -- Judge Heartfield agreed to let Mr. Ogden out on a
18    conditional release to be released to a halfway house in
19    Nacogdoches or Lufkin, somewhere. But it was a conditional
20    release to comply the rules of the halfway house and that --

21         **THE COURT:** And that was based on a report that he
22    had received that said that would be appropriate.

23         **MR. HENDERSON:** Right. And they believed it would be
24    appropriate, which I believe is -- matches what the original
25    order committing him said was that they should try to release

1  him to the State and try to get this taken care of.

2  He was released in custody and we had the current
3  conditions of -- the conditions upon which he was released, he
4  didn't comply with; and they -- the halfway house or the home
5  to which he was released terminated him. And he was taken back
6  into custody of the Court for violating the conditions of his
7  conditional release.

8  So that's where I believe we are. If the Court finds
9  that he did violate the conditions of his conditional release,
10 then he should go back -- not for further evaluation 'cause
11 he's already status of having been evaluated and determined to
12 be -- you know, they have mental problems and be dangerous.

13 That's the status he was in. He was a conditional
14 release from that. He violated the conditions of his release
15 and so he should go back for further treatment to the custody
16 of the Attorney General for further treatment. We fully
17 expect, you know, they will once again release him later but
18 that's the status as I understand it, your Honor.

19 **THE COURT:** Mr. Bonneaux?

20 **MR. BONNEAUX:** Your Honor, Mr. Ogden's not contesting
21 the allegations contained the petition that he violated his
22 conditional release. He's agreeable to going back to a medical
23 treatment facility. He would make a request for Rochester, if
24 he could, 'cause that's where he was at last. And that's what
25 he wants to do, your Honor.

1 **THE COURT:** So it's an agreed thing?

2 **MR. BONNEAUX:** Yes, your Honor.

3 **THE COURT:** Does anyone see any need for there to be
4 a magistrate judge's recommendation to Judge Heartfield that
5 his conditional release be revoked based on everyone's
6 agreement or can you just present an agreed order to Judge
7 Heartfield?

8 **MR. HENDERSON:** Your Honor, that's where we tried to
9 get -- had a difficult time 'cause apparently somebody up the
10 chain, the mental health chain, said "No, he needs to be
11 revoked. He can't agree to it" for whatever reason. And
12 that's the reason why we needed a -- they said we needed to get
13 a revocation. I don't -- I'm not sure who exactly that was.

14 **THE COURT:** Well we can sit here and we can all agree
15 to it. And then I can write down to Judge Heartfield in a
16 report that says "Here's what the U.S. Attorney says, and
17 everybody agreed to this so I recommend that you do this." And
18 then Judge Heartfield signs exactly the same order that he
19 would if you just showed up and said "we agreed to this."
20 So --

21 **MR. HENDERSON:** Your Honor, I think a magistrate's
22 report and a full revocation proceeding -- your Honor, this is
23 an unusual proceeding. I tried to find some place where this
24 had been done --

25 **THE COURT:** I agree with you. I'm not even sure

1  magistrate judges have the authority to do this.

2  **MR. HENDERSON:** That's one of the issues.

3  **THE COURT:** Yeah.

4  **MR. HENDERSON:** I think -- that's why I think an

5  important -- report and recommendation to the -- to Judge

6  Heartfield would be appropriate to revoke his conditional

7  release and put him back in the status he was in before which

8  is being treated.

9  **THE COURT:** How about this?

10  How about I write a report to Judge Heartfield that

11  says "Pending is request for modifying conditions with consent

12  of the Defender" or whatever this petition says it is --

13  "Petition for warrant or summons for offender under conditional

14  release supervision. On this day the defender -- the offender

15  appeared and agreed that his conditional release be revoked.

16  I, therefore, recommend that it be revoked."

17  **MR. HENDERSON:** I think that's all we need, your

18  Honor.

19  **THE COURT:** Are there any objections?

20  **MR. BONNEAUX:** No, your Honor.

21  **THE COURT:** Okay. We'll transcribe this and send it

22  to Judge Heartfield.

23  **MR. HENDERSON:** Thank you, your Honor.

24  **MR. BONNEAUX:** Thank you, Judge.

25  **(This proceeding was adjourned at 2:40 p.m.)**

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____          February 2, 2010

TONI HUDSON, TRANSCRIBER